IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANN B. SEMPLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-CV-1561-L-BT |
| | § | |
| HICKORY TRAIL HOSPITAL, LP, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the District Court, this case has been referred to the United States Magistrate Judge. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

I.

Plaintiff Joann B. Semple filed her complaint in this civil action under 42 U.S.C. § 1983. She is proceeding *pro se*, and the Court has granted her leave to proceed *in forma pauperis*. Defendant is Hickory Trail Hospital, LP. The Court has not issued process pending judicial screening.

Plaintiff states she was arrested by the DeSoto Police Department and taken to Hickory Trail Hospital, which is a mental health hospital. She alleges employees at Hickory Trail Hospital held her against her will from

1

June 12, 2015 until June 17, 2015. She also claims she was medicated and subjected to blood draws against her will. Plaintiff seeks money damages.

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed in forma pauperis if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements:  (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) the deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted).

Although Defendant is a private company, Plaintiff claims Defendant "cooperated" with the DeSoto police department, thereby making Defendant's actions attributable to the state.  (ECF No. 7 at 19.)  A private party may be held liable under § 1983 if it is a "willful participant in joint activity with the State or its agents." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)). "Deciding whether a deprivation of a protected right is fairly attributable to the State 'begins by identifying the specific conduct of which the plaintiff

3

complains.'" *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (quoting *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005)).

Here, Plaintiff complains Defendant held her for five days, medicated her, and subjected her to blood draws against her will. She states she discharged herself from the hospital "against medical advice." (ECF No. 14 at 3.)

To support a claim of joint activity, a plaintiff "must allege facts that suggest an agreement between the private and public defendants to [ ] commit an illegal act . . . " *Cinel*, 15 F.3d at 1343 (citations omitted). Plaintiff has failed to allege facts that support her claim of joint activity. Although Plaintiff states she was arrested by DeSoto police and taken to Defendant's hospital, she also states she was not charged with any offense, that after the DeSoto police dropped her off at Defendant's hospital she never heard from them again, and that there were no court proceedings initiated by the DeSoto police. (ECF No. 14 at 2.)  Plaintiff failed to allege facts suggesting that the DeSoto Police Department was aware of Defendant's alleged actions towards Plaintiff. She has failed to support a reasonable inference that Defendant acted under color of state law.

IV.

The Court recommends that Plaintiff's claims be summarily DISMISSED under 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed January 30, 2018.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE